IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SAUNDERS, | ) |
| *Plaintiff*, | ) No. 20 C 6835 |
| v. | ) Judge Virginia M. Kendall |
| MICHAEL S. HEDRICK, | ) |
| *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Saunders brings suit alleging legal malpractice and fraudulent concealment arising out of Defendant Michael Hedrick's representation of Saunders in a 2010 employment lawsuit. Hedrick filed a Motion to Dismiss [Dkt. 4] arguing that Saunders's legal malpractice claim is outside of the statute of limitations. In Saunders's Response [Dkt. 6], Saunders argues that he is not time-barred because he has also pled a fraudulent concealment claim which tolls the statute of limitations and because Hedrick should be equitably estopped from raising a statute of limitations defense. For the reasons that follow, the Court grants Hedrick's Motion to Dismiss both the legal malpractice and fraudulent concealment claims.

**BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The following factual allegations are taken from Plaintiff's Complaint and are assumed

1

true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff William Saunders was a long-term correctional officer employed by the Sheriff of Lake County, in Lake County, Illinois until his termination of employment i 2010. (Dkt. 1 ¶ 3). Defendant Michael S. Hedrick is an attorney who is barred and practices in Illinois. (*Id.* ¶ 4). Sometime after Saunders was terminated from his job, he contacted Hedrick to represent him in a lawsuit against his employer, as Hedrick claimed to concentrate his practice in the field of employment law and wrongful termination. (*Id.* ¶¶ 5–6). Hedrick agreed to represent Saunders in 2010 and Hedrick filed suit on Saunders' behalf in federal court. (*Id.* ¶¶ 6–7). The litigation continued between 2010 and 2012 and Saunders was reasonably satisfied with Hedrick's representation. (*Id.* ¶¶ 9–10).

On June 6, 2012, the defendants in the employment case filed a Rule 68 Offer of Judgment. (*Id.* ¶ 10). Hedrick contacted Saunders and told him that he had to accept the settlement and that if he did not do so, the offer would be withdrawn; that if they continued to trial and Saunders did not win a larger amount of money than what he was offered, Saunders would receive much less and would be required to pay all attorneys' fees, as well as costs for defendants; and that the $375,000 settlement amount was a sufficient and good judgment and would involve his reinstatement as a correctional officer together with credits to his pension. (*Id.* ¶ 11). Saunders claims these representations were inaccurate, but that Saunders accepted the settlement offer based on Hedrick's advice. (*Id.* ¶ 12–13). Saunders alleges that at no time did Hedrick review the pension rules enacted by the Illinois Municipal Retirement Fund ("IMRF"), which contain guidelines on how the settlement effected Saunders's pension and is easily accessible to attorneys. (*Id.* ¶ 15). However, as a result of the settlement, the IMRF notified Saunders sometime in 2020

that his monthly pension would be reduced. (*Id.* ¶¶ 16–19). Saunders had to negotiate with the County and properly investigate the penalties of his settlement, which he believes Hedrick should have properly done as part of his representation. (*Id.* ¶ 16, 20, 24). Saunders alleges that had Hedrick performed a proper investigation and advised Saunders of the negative effects on his pension, he would have rejected the settlement offer. (*Id.* ¶ 24).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). This means that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010)).

## DISCUSSION

Hedrick argues that dismissal is warranted because the statute of limitations has already run on Saunders's claim. The statute of limitations is an affirmative defense, and "'complaints need not anticipate and attempt to plead around defenses.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). Therefore, "a motion to dismiss based on failure to comply

3

with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Id*. (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

"A federal court sitting in diversity must follow the statute of limitations that the state in which it is sitting would use." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004). The Illinois statute of limitations for legal malpractice, 735 ILCS 5/13-214.3(b)(c), states as follows:

> An action [for legal malpractice]…against an attorney must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought. (c) … an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

Under Illinois law, a cause of action for legal malpractice accrues when the client discovers, or should have discovered, the facts establishing the elements of his cause of action. *Woidtke v. St. Clair Cty., Illinois*, 335 F.3d 558, 564 (7th Cir. 2003) (citing *Profit Mgmt. Dev. Group v. Jacobson, Brandvik & Anderson, Ltd.*, 721 N.E.2d 826, 841 (1999)). This statute of limitations incorporates the discovery rule, "which delays commencement of the statute of limitations until the plaintiff knows or reasonably should have known of the injury and that it may have been wrongfully caused." *Carlson v. Fish*, 31 N.E 3d 404, 410 (Ill. App. Ct. 2015) (citing *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 681 N.E.2d 617, 621 (Ill. App. Ct. 1997). However, there is also a six-year period of repose. A statute of repose begins to run when a specific event occurs, regardless of whether an action has accrued. *Snyder v. Heidelberger*, 953 N.E. 2d 415, 421 (Ill. 2011) (citing *Ferguson v. McKenzie*, 780 N.E.2d 660, 664 (Ill. 2001). The statute of repose applicable in the present case prohibits the commencement of an action more than six years "after the date on which the act or omission occurred." 735 ILCS 5/13-214.3(c). The period of

repose in a legal malpractice case begins to run on the last date on which the attorney performs the work involved in the alleged negligence. *Snyder*, 953 N.E. 2d at 421 (citations omitted).

Here, Hedrick's legal malpractice claim arose at the time of settlement, which occurred, as alleged, on June 6, 2012. (Dkt. 1 ¶ 10). While Saunders may not have discovered the alleged malpractice until 2020, "the purpose of a statute of repose like the one found in section 13–214.3(c) operates to curtail the 'long tail' of liability that may result from the discovery rule." *Snyder*, 953 N.E. at 418–19 (citation omitted).

In response to Hedrick's Motion to Dismiss, Saunders states that he could not have discovered the legal malpractice because Hedrick fraudulently concealed it. The Illinois statute on fraudulent concealment provides, "[i]f a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13–215. A claim of fraudulent concealment serves to toll the statute of limitations for a legal malpractice claim so that the five-year statute of limitations of the fraudulent concealment claim would instead apply. *DeLuna v. Burciaga*, 857 N.E.2d 229, 245–246 (Ill. 2006). Therefore, Saunders could feasibly bring his legal malpractice claim if he plausibly alleges fraudulent concealment.

A fraudulent concealment claim requires a plaintiff to "allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 805 (7th Cir. 2018) (*Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (1996)). The duty to disclose arises only in certain situations, including where the "plaintiff and defendant are in a fiduciary or confidential relationship" and

5

"where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Id.* (citations omitted).

To prevail on a claim for fraudulent concealment, plaintiffs must prove: "(1) the concealment of a material fact; (2) that the concealment was intended to induce a false belief under circumstances creating a duty to speak; (3) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury." *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 777 (7th Cir. 2002) (citing *Schrager v. North Community Bank*, 767 N.E.2d 376, 384 (2002). Rule 9(b)'s heightened pleading standard requiring Plaintiffs to allege fraud with particularity applies to fraudulent concealment claims. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012).

The parties do not dispute that Hedrick owed a duty to Saunders as he was serving as his attorney. *See DeLuna*, 857 N.E.2d at 246 (serving as an attorney establishes a fiduciary duty requisite to a fraudulent concealment claim). However, Hedrick disputes that Saunders has alleged a fraudulent concealment claim with the requisite particularity. The Complaint is devoid of any allegations that Hedrick purposefully concealed the ramifications of the settlement on Saunders's pension, that Hedrick knew that he was being untruthful, that Hedrick was untruthful to induce Saunders to settle, or that Saunders could not have discovered the truth through a reasonable inquiry or inspection. At most, the Complaint alleges that Hedrick was negligent. In fact, the Complaint alleges that "[t]he Situation following the notice by IMRF in 2020 was the first time that Saunders had learned of the failures of his attorney, Hedrick, to properly negotiate and

6

properly investigate the pension ramifications." (Dkt. 1 ¶ 19). Further, the Complaint alleges that "Hedrick charged Saunders $184,729.67 for his negligent representation of Saunders and should not be rewarded for his negligence." (*Id.* ¶ 20). Such allegations do not give rise to any inference that Hedrick purposefully misled Saunders. Nor are there any allegations that Saunders could not have discovered the alleged fraud. The Complaint states that the IMRF had published a handbook "readily available to attorneys and other professionals to use in advising pension holders." (*Id.* ¶ 15). Presumably, Saunders could have consulted the handbook or consulted another professional to receive advice on the impact of the settlement on his pension. Saunders pleads that Hedrick repeatedly advised him that the settlement was the best he could do and when the error was discovered, Hedrick told Saunders it was the pension plans' fault. (*Id.* ¶ 14). But such allegations fail to plead any fraudulent behavior with particularity. Saunders's fraudulent concealment claim is dismissed without prejudice because the Complaint fails to meet the Rule 9(b) standard for pleading fraudulent concealment on the part of Hedrick.

Saunders finally claims that equitable estoppel can be applied to circumvent the statute of limitations and repose. A party claiming estoppel must demonstrate that: "(1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when that party decided to act, or not, upon the representations; (4) the other person intended or reasonably expected that the party claiming estoppel would determine whether to act, or not, based upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof." *DeLuna*, 857 N.E.2d at

249. "It is not necessary that the defendant intentionally mislead or deceive the plaintiff, or even intend by its conduct to induce delay. Rather, all that is necessary for invocation of the doctrine of equitable estoppel is that the plaintiff reasonably rely on the defendant's conduct or representations in forbearing suit." *Jackson Jordan, Inc. v. Leydig, Voit and Mayer*, 633 N.E.2d 627, 632 (Ill. 1994).

However, for the same reasons discussed as to Plaintiff's fraudulent concealment claim, Plaintiff does not plausibly allege equitable estoppel. The Complaint fails to plead any allegations of Hedrick taking action to conceal the ramifications of the settlement on Saunders's pension, or that Hedrick knew he was being untruthful. The Complaint makes clear that Saunders believes that Hedrick acted negligently, but it does not allege any facts to give rise to the inference that Hedrick purposefully misled Saunders.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [Dkt. 4] is granted. Saunders is granted leave to amend his Complaint consistent with this Opinion if able to do so within 21 days of the filing of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: February 18, 2021