| | |
|---|---|
| WILLIAM SAUNDERS, | ) |
| *Plaintiff*, | ) No. 20 C 6835 |
| v. | ) Judge Virginia M. Kendall |
| MICHAEL S. HEDRICK, | ) |
| *Defendant*. | ) |

# MEMORANDUM OPINION AND ORDER

This Court recently granted Defendant Michael Hedrick's Motion to Dismiss Plaintiff William Saunders's Complaint alleging legal malpractice and fraudulent concealment claims. The Court found that Saunders's legal malpractice claim was untimely and that he did not plausibly allege a fraudulent concealment claim. (Dkt. 9). The Court gave leave to Plaintiff to file an Amended Complaint, which he timely filed. (Dkt. 11). Defendant now moves to dismiss the Amended Complaint, arguing that Plaintiff failed to plead his fraudulent concealment claim with the requisite particularity. For the reasons that follow, Defendant's Motion to Dismiss the Amended Complaint (Dkt. 12) is denied.

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The following factual allegations are taken from Plaintiff's Amended Complaint (Dkt. 11) and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff William Saunders was a long-term correctional officer employed by the Sheriff of Lake County, in Lake County, Illinois until his termination of employment in 2010. (Dkt. 1 ¶ 3). Defendant Michael S. Hedrick is an attorney who is barred and practices in Illinois. (*Id.* ¶ 4). Sometime after Saunders was terminated from his job, he contacted Hedrick to represent him in a lawsuit against his employer, as Hedrick claimed to concentrate his practice in the field of employment law and wrongful termination. (*Id.* ¶¶ 5–6). Hedrick agreed to represent Saunders in 2010 and Hedrick filed suit on Saunders' behalf in federal court. (*Id.* ¶¶ 6–7). The litigation continued between 2010 and 2012 and Saunders was reasonably satisfied with Hedrick's representation. (*Id.* ¶¶ 9–10).

On June 6, 2012, the defendants in the employment case filed a Rule 68 Offer of Judgment. (*Id.* ¶ 10). Hedrick contacted Saunders and told him that he had to accept the settlement and that if he did not do so, the offer would be withdrawn; that if they continued to trial and Saunders did not win a larger amount of money than what he was offered, Saunders would receive much less and would be required to pay all attorneys' fees, as well as costs for defendants, which was inaccurate; and that the $375,000 settlement amount was a sufficient and good judgment and would involve his reinstatement as a correctional officer together with credits to his pension. (*Id.* ¶ 11). Saunders claims these representations were inaccurate, but that Saunders accepted the settlement offer based on Hedrick's advice. (*Id.* ¶ 12–13). Saunders alleges that at no time did Hedrick review the pension rules enacted by the Illinois Municipal Retirement Fund ("IMRF"), which contain guidelines on how the settlement effected Saunders's pension and is easily accessible to attorneys. (*Id.* ¶ 13).

After Saunders accepted the settlement, Hedrick began inquiring of the defendant in the employment case, Lake County, as to when they could transfer his legal fees and cost to his account

2

by wire. (*Id.* ¶ 14). By this time, and prior to the consummation of the settlement, Hedrick had received calculations from Lake County that showed the effect of the settlement on Saunders's pension. (*Id.* ¶ 15). Hedrick realized that by not including the settlement amount, Saunders did not have an accurate idea of how much money he would be receiving after his retirement, as Hedrick had previously advised Saunders of an incorrect amount calculated by his accountant. (*Id.*). Hedrick purposefully concealed the effect of the settlement on Saunders's pension from Saunders as Saunders would not have accepted had he known. (*Id.* ¶ 16–17).

Saunders was unaware of any handbook enacted by the IMRF which contain guidelines on how the settlement effected Saunders's pension, although Hedrick should have been aware. (*Id.* ¶ 18). Hedrick continued to advise Saunders that settlement was his best option, and after Saunders learned of Hedrick's errors, Hedrick told Saunders that it was an error made by the pension plan. (*Id.* ¶ 20). However, as a result of the settlement, the IMRF notified Saunders sometime in 2020 that his monthly pension would be reduced. (*Id.* ¶¶ 23, 25, 28). Saunders alleges that had Hedrick performed a proper investigation and advised Saunders of the negative effects on his pension, he would have rejected the settlement offer. (*Id.* ¶ 30). Saunders paid Hedrick $184,729.67 for his negligent representation and was also forced to pay a new attorney to assist him in renegotiating his pension with Lake County. (*Id.* ¶ 26). Saunders also lost hundreds of thousands of dollars in pension benefits. (*Id.*).

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is "not bound to accept as

3

true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). This means that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010)).

## **DISCUSSION**

The Court previously dismissed Plaintiff's fraudulent concealment claims for failure to allege such a claim with the requisite particularity. As the Court discussed, a fraudulent concealment claim requires a plaintiff to "allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 805 (7th Cir. 2018) (*Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (1996)). The duty to disclose arises only in certain situations, including where the "plaintiff and defendant are in a fiduciary or confidential relationship" and "where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Id.* (citations omitted).

To prevail on a claim for fraudulent concealment, a plaintiff must prove: "(1) the concealment of a material fact; (2) that the concealment was intended to induce a false belief under circumstances creating a duty to speak; (3) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he

4

been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury." *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 777 (7th Cir. 2002) (citing *Schrager v. North Community Bank*, 767 N.E.2d 376, 384 (2002). Rule 9(b)'s heightened pleading standard requiring Plaintiffs to allege fraud with particularity applies to fraudulent concealment claims. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012).

Again, the parties do not dispute that Hedrick owed a duty to Saunders as he was serving as his attorney. *See DeLuna v. Burciaga*, 857 N.E.2d 229, 246 (Ill. 2006) (serving as an attorney establishes a fiduciary duty requisite to a fraudulent concealment claim). Hedrick once again argues that Saunders has failed to allege with the required particularity. Defendant argues that the Amended Complaint only attempts to satisfy the heightened pleading standard by simply reciting some of the elements of a claim in bare bone fashion. Defendant claims that the Amended Complaint argues that Defendant received calculations regarding Plaintiff's pension and that "[t]here is no allegation in the complaint as to what particular material fact or facts about pension calculations the Defendant concealed." (Dkt. 12 at 5). Defendant also claims that the Amended Complaint fails to allege what actions of concealment that Defendant took and also fails to allege damages.

Defendant's arguments are made in conclusory fashion, with little elaboration beyond statements that Plaintiff's Amended Complaint is insufficient. Plaintiff heeded the Court's advice and added allegations to meet the standards for pleading a claim of fraudulent concealment. In particular, Plaintiff has pled prior to the consummation of the settlement, Hedrick had received calculations from Lake County that showed the effect of the settlement on Saunders's pension, that Hedrick realized that this could negatively impact Saunders's pension, although Hedrick had previously given him an incorrect amount, and that Hedrick purposefully concealed this material

5

fact from Saunders in order to induce him to settle. (Dkt. 11 ¶¶ 15–17). Hedrick argues this is not a material fact, but quite obviously the fact that Saunders stood to lose hundred of thousands of dollars from his retirement because of a settlement is a material fact. Saunders alleges that he would not have settled had he known the impact on his pension.

Saunders also alleges that he was unaware of any handbook enacted by the IMRF which contain guidelines on how the settlement effected Saunders's pension, although Hedrick should have been aware as he was Saunders's attorney. (*Id.* ¶ 18). Not to mention, Hedrick continued to advise Saunders that settlement was his best option, and after Saunders learned of Hedrick's errors, Hedrick told Saunders that it was an error made by the pension plan. (*Id.* ¶ 20). Such facts strike at the pleading requirement that the innocent party could not have discovered the truth through a reasonable inquiry or inspection or relied upon Defendant's silence. As to the requirements that the concealed information was such that the injured party would have acted differently had he been aware of it and that reliance by the person from whom the fact was concealed led to his injury, Plaintiff has pled that he would not have accepted the settlement had he known about the impact on his pension and that he was following his attorneys' advice, who continued to advise him that settlement was his best option, despite his alleged knowledge of the impact of the settlement on Plaintiff's pension. Finally, Defendant argues that Plaintiff has failed to allege damages. He does not cite any case law that Plaintiff must allege damages with particularity. In any event, Plaintiff has alleged that he paid Hedrick $184,729.67 for his negligent representation, was forced to pay a new attorney to assist him in renegotiating his pension with Lake County, and lost hundreds of thousands of dollars in pension benefits because of Defendant's legal malpractice and fraudulent concealment. (*Id.* ¶ 26).

The Court previously dismissed because the original Complaint was devoid of any allegations that Hedrick "purposefully concealed the ramifications of the settlement on Saunders's pension, that Hedrick knew that he was being untruthful, that Hedrick was untruthful to induce Saunders to settle, or that Saunders could not have discovered the truth through a reasonable inquiry or inspection." (Dkt. 12 at 6). Saunders has now fleshed out his fraudulent concealment claim to allege that Hedrick purposefully concealed the impact of the settlement on his pension in order to induce him to settle and that he knew he was being untruthful. Further, Saunders has alleged that he could not have discovered the truth through a reasonable inquiry. Because Saunders has plausibly alleged a claim of fraudulent concealment, Hedrick's Motion to Dismiss the Amended Complaint is denied.

## **CONCLUSION**

For the reasons discussed above, Defendant's Motion to Dismiss [Dkt. 12] is denied. Plaintiff has plausibly alleged a claim for fraudulent concealment and his Amended Complaint may proceed.

_____
Virginia M. Kendall
United States District Judge

Date: July 14, 2021